UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CORNELL WINFREI MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00371-JPH-DLP |
| | ) | |
| T. J. WATSON, | ) | |
| MORIN, | ) | |
| UNDERWOOD, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Cornell Winfrei McClure, a federal inmate, filed this action after books he ordered were repeatedly rejected by mailroom staff in violation of the Bureau of Prisons' policy. For the reasons explained below, this case has been screened and service by summons shall be issued to the defendants.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The plaintiff alleges that the prison mailroom repeatedly rejected books he ordered with his own money. He argues that prison officials used the wrong portion of the "Incoming Publications" policy to justify the rejection. The plaintiff complained to Warden Watson, Assistant Warden Underwood, and Mailroom Supervisor Morin, but they refused to correct the problem. The plaintiff wants the defendants to honor prison policy. He also seeks reimbursement for the money spent on shipping and handling and punitive damages.

Applying the screening standard to the facts alleged in the complaint, this action shall proceed as submitted consistent with the following.

The complaint is understood to assert a First Amendment claim. "Freedom of speech is not merely freedom to speak; it is also freedom to read." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) (citing *Stanley v. Georgia*, 394 U.S. 557, 564 (1969)). Specifically, the complaint is understood to allege that prison mailroom workers are violating plaintiff's First Amendment right to receive books and magazines consistent with BOP policy.

The claim for injunctive relief is brought against the defendants' in their official capacities. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015) (federal courts may grant injunctive relief against federal officers who are violating federal law). The claim for compensatory damages ($52.00) and punitive damages ($1,000.00) is against the defendants in their individual capacities pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 5, 2020,** in which to identify those claims.

### III. Service of Process

The **clerk is designated**, pursuant to Fed. R. Civ. P. 4(c)(2), to issue process to defendants Warden T.J. Watson, Mr. Morin, Assistant Warden Underwood. Process shall consist of a summons. Because plaintiff Cornell Winfrei McClure is proceeding under the theory recognized in *Bivens,* 403 U.S. 388, **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed July 20, 2020, and a copy of this Entry, on the defendant and on the officials designated pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

**SO ORDERED.**

Date: 10/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CORNELL WINFREI MCCLURE
37001-037
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204